IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 15th, 2005 Session

## BARBARA MCKEEVER, ET AL. v. ROY MATLOCK, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 03-C-3448    Marietta Shipley, Judge**

_____

**No. M2004-01846-COA-R3-CV - Filed October 6, 2005**

_____

Former lessee appeals grant of summary judgment dismissing her wrongful ouster lawsuit against former landlord. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Thurman T. McLean, Jr., Madison, Tennessee, for the appellant, Barbara McKeever, et al.

Michele E. Cooper, Kelly A. Cashman-Grams, Nashville, Tennessee, for the appellees, Roy Matlock, et al.

### MEMORANDUM OPINION[1]

This appeal pertains to an alleged wrongful ouster of a tenant after landlord evicted tenant pursuant to an agreed order between the parties. Tenant claimed landlord's acceptance of rent during the pendency of the agreed order prevented landlord from enforcing the order. The trial court granted landlord summary judgment. We find that the landlord was entitled to judgment as a matter of law.

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTS

Barbara McKeever and her then husband, Michael McKeever, rented their home from the Roy Matlock, Sr. and Martha Matlock Joint Revocable Living Trust, Roy Matlock, Sr. and Martha Matlock, Trustees ("Matlock"). The lease agreement dated April of 2000 was signed by both Barbara McKeever and her husband.

The lease provided that the monthly rental payments were due on the 1st of each month and that failure to make the payment by the 10th resulted in automatic termination of the lease. The lease further provided that upon termination, the McKeevers were obligated to immediately surrender the rental property to Matlock. The lease also provided in paragraph 14 that acceptance by landlord of rent paid after legal proceedings had begun was with reservation:

> In the event any monies are paid after legal proceedings have been instigated, it is agreed by LESSEES and LESSORS that these monies are accepted by LESSORS with reservations.

Apparently unbeknownst to Ms. McKeever, her husband failed to make rental payments for the months of April and May of 2003. Mr. and Ms. McKeever separated about this time. Mr. McKeever is not a party to this lawsuit. It should be noted that Matlock has never received rent for these two (2) months.

As a result of the unpaid rent, Matlock initiated proceedings to evict the McKeevers, and a judgment was entered against them for possession of the premises on May 19, 2003. Ms. McKeever appealed the General Sessions judgment to Circuit Court. In an effort to resolve the matter, Ms. McKeever and Matlock entered into an Agreed Order on June 27, 2003, allowing Ms. McKeever to remain in possession of the premises if, within 7 days of the Agreed Order, she 1) qualified for a loan to purchase the property for $141,900 and 2) paid Matlock earnest money of $10,000. According to the terms of the Agreed Order, failure to meet these conditions would result in another writ being immediately issued to evict her from the property.

Ms. McKeever made the June rental payment on an unspecified date that Matlock accepted with express reservation. Thereafter, Ms. McKeever paid her July rent on July 17 and her August rent on August 15. Thus, both the July and August rental payments were late according to the terms of the lease. Matlock accepted the July and August rent without specifically expressing reservation.

There is no dispute that Ms. McKeever was unable to meet the conditions of the Agreed Order, and she was evicted from her home pursuant to that order on August 22, 2003. It appears that no further appeal was taken of the eviction suit.

Thereafter, in December of 2003, Ms. McKeever brought this suit against Matlock seeking monetary damages claiming the August 2003 eviction constituted an unlawful ouster, outrageous conduct, and negligence. According to Ms. McKeever, her eviction was wrongful since Matlock

"condoned" her defaults under Tenn. Code Ann. § 66-28-508 by accepting the July and August rental payments without expressing reservation.

The trial court granted summary judgment to Matlock, and Ms. McKeever appeals.

## II. STANDARD OF REVIEW

Our review of a trial court's summary judgment is *de novo* with no presumption of correctness since the trial court's decision is a question of law. *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001). Summary judgment should be granted only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *Webber v. State Farm Mutual Automobile Insurance Company*, 49 S.W.3d 265, 269 (Tenn. 2001). We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. *Doe v. HCA Health Services, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001).

## III. ANALYSIS

The parties entered into an Agreed Order stating that unless Ms. McKeever met the conditions in the order, a writ of restitution to evict her from the house would be issued immediately based on the May 19, 2003 general sessions court judgment. Ms. McKeever does not dispute that she did not meet the conditions of this Agreed Order. The writ that was issued and which resulted in her eviction was issued pursuant to the Agreed Order and was based on the defaults occurring in April and May. She does not dispute that Matlock never received the rental payments due in April and May of 2003. As a practical matter, those concessions leave her with very little grounds to contest the eviction. Her lawsuit hinges on whether the acceptance by Matlock of July and August rent waives her prior breach of the lease.

Ms. McKeever contends that paragraph 14 of the lease governing reservation by the landlord is an unlawful waiver of tenant's right under the Uniform Residential Landlord and Tenant Act, ("URLTA"), Tenn. Code Ann. §§ 66-28-201(a).[2] Therefore, according to the argument, since the rental payments were accepted without express reservation and since the waiver in the lease was unenforceable, then pursuant to the waiver provision of URLTA, Matlock waived her breach and thus lacked grounds to terminate her lease.

Ms. McKeever argues that because she made a payment in August, albeit a late one, she could not be evicted in August. She relies on Tenn. Code Ann. § 66-28-508, which provides:

> If the landlord accepts rent without reservation and with knowledge of a tenant default, the landlord by such acceptance condones the default and thereby waives

---

[2] Ms. McKeever also makes some allegations that after she was unable to comply with the Agreed Order, Mr. Matlock said he would revise the lease. There is no allegation that the lease was, in fact, revised.

such landlord's right and is estopped from terminating the rental agreement as to that breach.

This reliance is misplaced. We conclude that the July and August payments were accepted with reservation. Matlock's acceptance of the July and August rental payments was automatically made with reservation pursuant to paragraph 14 of the lease since litigation had been initiated. Ms. McKeever was on notice of this provision and was aware that legal proceedings had been instituted, having participated in them. Ms. McKeever does not dispute that if paragraph 14 is operative then the July and August payments were accepted with reservation.

Ms. McKeever argues, however, that paragraph 14 is an unlawful waiver of her rights under the URLTA prohibited by Tenn. Code Ann. § 66-28-201(a) which provides:

(a) The landlord and tenant may include in a rental agreement, terms and conditions not prohibited by this chapter or other rule of law including rent, term of the agreement, and other provisions governing the rights and obligations of parties. **A rental agreement cannot provide that the tenant agrees to waive or forego rights or remedies under this chapter.** The landlord or the landlord's agent shall advise in writing that the landlord is not responsible for, and will not provide, fire or casualty insurance for the tenant's personal property. (emphasis added).

According to Ms. McKeever, paragraph 14 of the lease is an unlawful attempt to have her forego her right under Tenn. Code Ann. § 66-28-508, quoted above.

We disagree. We think a landlord and tenant can agree to a term such as the one at issue. The only thing agreed to was that monies paid after legal proceedings were initiated were always accepted with reservation. We find no right given to a tenant in the URLTA that this provision waives. There is no right to pay rent late or not to pay. There is no right to force the landlord to accept payments without reservation. Under the URLTA, a landlord retains the right to accept payments with reservation, *i.e.*, without giving up available legal remedies. The fact that the parties agreed ahead of time to the landlord's acceptance with reservation under certain circumstances does not waive any right the tenant has under the Act.

Matlock never waived the payments due in April or May, but only agreed to forego eviction based on those breaches if Ms. McKeever performed in accordance with the Agreed Order, which would have resulted in a sale of the house to her. Matlock retained the right to evict for the April and May breaches if she failed to perform. Under the Agreed Order, the eviction was based on the general sessions court judgment, supported by the prior defaults. Acceptance of the July and August rent did not affect the enforceability of the Agreed Order.

Accordingly, the trial court is affirmed and costs of appeal are taxed to appellant, Barbara McKeever.

_____

PATRICIA J. COTTRELL, JUDGE